WHITTEMORE ROWELL & others *vs.* JEREMIAH DOYLE.

Worcester.    October 6. — 26, 1881.    LORD & ALLEN, JJ., absent.

A lessee of an ice-house and land upon the shore of a great pond, who clears the snow from a portion of the ice in the pond, and then leaves the ice for a day and two nights for the purpose of increasing the thickness of the ice, cannot maintain an action against a person having the right to fish in the pond, who, in the exercise of this right, cuts holes in the ice thus cleared, although the lessee was diligently using the usual and reasonable method of harvesting ice, and the person cutting the holes knew the purpose with which the ice was cleared and the usual manner of gathering ice.

TORT for cutting holes in the ice in Chauncey Pond in Westborough, and interfering with the plaintiffs' right of harvesting the ice. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court on appeal, upon an agreed statement of facts, in substance as follows:

The plaintiffs are milk-dealers, who supply the Boston market. In carrying on their business they use large quantities of ice. Chauncey Pond is a great pond, situated in Westborough, covering about 180 acres, and for a considerable distance is bounded by the highway. The plaintiffs have, for a number of years, leased a tract of land bordering on the pond, with an ice-house

upon it, and have stored ice therein. On February 4 and 5, 1880, the plaintiffs removed the snow from a sufficient area of ice to enable them to fill their ice-house, situated most conveniently to their ice-house, thus clearly designating and marking out the ice they were about to cut; and, on the afternoon of February 7, they proceeded to plough out the ice in preparation for gathering on the following week. In this work they diligently used the usual and reasonable method of harvesting ice, the clearing off of snow being a large portion of the expense of getting ice.

On April 1, 1875, Chauncey Pond was leased to the inhabitants of Westborough for a term of fifteen years, in accordance with the provisions of the St. of 1869, *c.* 384, § 9, for the purpose of taking and cultivating fishes. The lease contained the following covenant on the part of the lessees: " that they will not avail themselves of the privileges of this lease to the prejudice of any right of individuals or public right, other than the taking and cultivation aforesaid." On January 31, 1878, permission was given by the Fish Commissioners to said inhabitants to fish in the pond on Wednesdays and Saturdays.

On February 7, which was Saturday, the defendant, who is an inhabitant of Westborough, went to the pond from the highway about the middle of the forenoon for the purpose of fishing. He knew that the snow had been cleared from this ice by the plaintiffs, and the purpose with which it was cleared by them, and knew the usual manner of gathering ice. He cut several holes about a foot in diameter through the ice which had been cleared by the plaintiffs, for the purpose of fishing through the same. Neither the plaintiffs nor their agents were present at the time to prevent the defendant's acts, nor did they know of them. The cutting of these holes in the ice is an actual interference with and damage to the cutting and harvesting of ice.

If, on these facts, the plaintiffs were entitled to recover, judgment was to be entered for them with nominal damages; otherwise, judgment for the defendant.

*W. S. B. Hopkins*, for the plaintiffs, cited 2 Bl. Com. 9; *Hickey* v. *Hazard*, 3 Mo. App. 480; *Pierson* v. *Post*, 3 Caines, 175; *Fleet* v. *Hegeman*, 14 Wend. 42.

*W. T. Forbes*, for the defendant.

GRAY, C. J.  The right of fishing, as well as the right of taking ice, in a great pond, is a public right, which every inhabitant who can obtain access to the pond without trespass may exercise, so long as he does not interfere with the reasonable exercise by others of these and like rights in the pond, and complies with any rules established by the Legislature or under its authority.  *West Roxbury* v. *Stoddard*, 7 Allen, 158, 170, 171.

The defendant, an inhabitant of the town, came upon the pond from the highway, and fished at a time allowed by the regulations made by the town under the powers conferred upon it by the Legislature.  *Commonwealth* v. *Vincent*, 108 Mass. 441, 446, 447.  And the case stated does not find, nor contain any facts tending to show, that he was fishing in an unreasonable manner, or without due regard to the lawful rights of others.

The plaintiffs had no peculiar title or right in the pond by virtue of being lessees of an ice-house and land upon the shore. *Hittinger* v. *Eames*, 121 Mass. 539.  They had the same right as others to cut and take ice which was the natural product of the pond; but they had no right, to the exclusion of other public uses, to the occupation of any part of the pond for the purpose by artificial means of increasing the thickness of the ice. At the time of the acts of which they complain, they had not cut any ice, nor were they engaged in cutting, or otherwise in the actual possession of any; but they had suspended their operations for at least a day and two nights.

Under these circumstances, they have no cause of action against the defendant.  The judgment of the Superior Court in their favor must therefore be reversed, and

> *Judgment rendered for the defendant.*